# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LESTER WILSON,** : | |
| : | |
| Petitioner : | |
| : | **CIVIL ACTION NO. 3:16-CV-1636** |
| v. : | |
| : | (Judge Caputo) |
| **WARDEN, SCI GRATERFORD,** : | |
| : | |
| Respondent : | |

## M E M O R A N D U M

**I.    Introduction**

Presently before the Court is Mr. Wilson's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 challenging his Court of Common Pleas of Juniata County convictions for various sex offenses. (ECF No. 1, Pet.) On July 15, 2016, Mr. Wilson filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. 2254, challenging the validity of his conviction.[1] Respondent argues the Petition is untimely.

For the reasons set forth below, the Petition will be dismissed as untimely. No certificate of appealability will be issued.

---

[1] Although Mr. Wilson dated his Petition July 18, 2016, the envelope containing his Petition bears the postmark of July 15, 2016. Therefore, pursuant to the prisoner mailbox rule, the Court will consider Mr. Wilson's Petition filed on July 15, 2016. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

## II. Procedural Background

On January 28, 2010, Mr. Wilson was charged with rape of a child and statutory sexual assault after he was accused of sexually abusing his eleven-year old daughter. Following a jury trial, Mr. Wilson was found guilty of, *inter alia*, rape of a child and statutory sexual assault. The trial court sentenced Mr. Wilson to 84 to 186 months' imprisonment for rape of a child. Petitioner was given a concurrent sentence of 14 to 28 months' imprisonment for statutory sexual assault. *See Commonwealth v. Wilson*, CP-34-CR-0000104-2010 (Juniata Ct. Com. Pls.).[2] Although Mr. Wilson appealed the judgment of sentence, he later filed a *praecipe* to discontinue the appeal. The Superior Court of Pennsylvania discontinued his direct appeal on March 5, 2012. *See Commonwealth v. Wilson*, 1804 MDA 2011 (Pa. Super. Mar. 5, 2012).[3]

On November 9, 2012, Mr. Wilson filed a *pro se* petition for post-conviction relief under Pennsylvania's Post Conviction Relief Act (PCRA), 42 PA. CONS. STAT. §§ 9541, *et seq.* The petition was denied on June 7, 2013. On February 11, 2016, the Superior Court of Pennsylvania affirmed the PCRA court's decision. *See Commonwealth v. Wilson*, 1132 MDA 2013, 2016 WL 596020 (Pa. Super. Feb. 11, 2016). Petitioner did not seek a petition for allowance of appeal from the Pennsylvania Supreme Court.

A month later, on March 3, 2016, Mr. Wilson filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 before the United States District Court for the Eastern District of Pennsylvania. *See Wilson v. Warden, SCI Graterford*, 3:16-CV-

---

[2] The Court takes judicial notice of the electronic docket sheet in Mr. Wilson's criminal matter which is available via Pennsylvania's Unified Judicial Docket System at: https://ujsportal.pacourts.us (last visited August 3, 2018).

[3] The Court takes judicial notice of the electronic docket sheet in Mr. Wilson's direct appeal which is available via Pennsylvania's Unified Judicial Docket System at: https://ujsportal.pacourts.us (last visited August 3, 2018).

00674 (M.D. Pa.) (*Wilson I*), ECF No. 1, Pet. The matter was transferred to this Court as Juniata County, where Mr. Wilson was convicted and sentenced, is located in the Middle District of Pennsylvania. *See Wilson I*, ECF No. 2. On April 27, 2016, a Notice and Order pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000) was sent to Petitioner. On or about May 12, 2016, Mr. Wilson informed the Court he wished to withdraw his § 2254 Petition and sought legal advice as to the calculation of the application of the AEDPA's one-year statute of limitations to his case. (*Wilson I,* ECF Nos. 7 and 8.) After advising Mr. Wilson that the Court cannot provide legal advice to parties, the Court gave Petitioner a second opportunity to consider whether he wished to have his Petition ruled on as filed or withdraw it without prejudice to file an all-inclusive petition within the applicable statute of limitations. (*Id.*, ECF No. 9.) After Mr. Wilson again notified the Court of his desire to withdraw his Petition, the Court dismissed it without prejudice on May 25, 2016. (*Id.*, ECF Nos. 10 and 11.)

On July 15, 2016, Mr. Wilson filed the instant petition for habeas relief under § 2254. (ECF No. 1, Pet.) Respondent filed an Answer to the Petition on January 14, 2017 asserting, *inter alia*, that the Petition was time barred as it was not filed prior to July 6, 2016. (ECF No. 16, Answer.) Mr. Wilson filed a Reply arguing that his Petition, albeit initially filed in the wrong forum, was filed in a timely manner as evidenced by the deductions for the Petition's postage and filing fee from his inmate account, which pre-date July 6, 2016. (ECF No. 18, Reply.)

## III. Discussion

### A. Relevant Law

A state prisoner seeking habeas relief pursuant to 28 U.S.C. § 2254 must comply with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) statute of limitations. *See* 28 U.S.C. § 2244(d)(1); *Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). The AEDPA imposes a one-year statute of limitations on an application for a writ of habeas corpus filed by an individual in custody because of a state court judgment. *See* 28 U.S.C. § 2244(d)(1); *Munchinski v. Wilson*, 694 F.3d 308, 327 (3d Cir. 2012) (*citing* § 2244(d)); *Jenkins v. Sup't of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013) (*citing* § 2244(d)); *Wall v. Kholi*, 562 U.S. 545, 550, 131 S.Ct. 1278, 1283, 179 L.Ed.2d 252 (2011) (citing § 2244(d)(1)).

> The limitation period runs from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A) – (D). Absent a state-created impediment to filing, or the development of new constitutional rights or discoverable facts, the limitations period

runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); Gonzalez v. Thaler, 565 U.S. 134, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012) (if appeal not taken, judgment final when time for pursuing direct review in state court expires).

The one-year federal limitations period is subject to both statutory and equitable tolling. Statutory tolling for a federal habeas claim occurs during the time "a properly fled application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending …" Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); 28 U.S.C. § 2244(d)(2). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz, 104 F.3d at 421.

With respect to equitable tolling, the Third Circuit Court of Appeals has emphasized that it should be applied sparingly. See Lacava v. Kyler, 398 F. 3d 271, 275 (3d Cir. 2005); Schlueter v. Varner, 384 F.3d 69, 75 – 76 (3d Cir. 2004). A petitioner is entitled to equitable tolling of the limitations period if he can demonstrate that he has diligently pursued his rights and that an extraordinary circumstance stood in his way and prevented timely filing of his petition. Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (holding AEDPA's statute of limitations is subject to equitable tolling in appropriate cases). Equitable tolling, however, is not available where the late filing is due to the petitioner's mere excusable neglect. United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013).

"There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, the particular circumstances of each petitioner must be taken into

account." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). Extraordinary circumstances warranting equitable tolling have been found when: (1) the state has actively misled the petitioner; and (2) the petitioner has in some extraordinary way been prevented from asserting his rights. *Pace*, 544 U.S. at 418, 125 S.Ct. at 1814; *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006). The Third Circuit Court of Appeals has also found extraordinary circumstances for equitable tolling purposes may be found where the petitioner has timely asserted his rights but in the wrong forum. *Urcinoli v. Cathel*, 546 F. 3d 269, 272 (3d Cir. 2008); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). Yet, even where extraordinary circumstances are found, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

### B. Mr. Wilson's Petition is Time-Barred

Mr. Wilson's judgment of sentence was "final" on March 6, 2012, the day after the Pennsylvania Superior Court discontinued his direct appeal. See *Myers v. Warden of SCI-Albion*, Civ. No. 4:08-CV-1011, 2010 WL 1838178, at *7 (M.D. Pa. May 6, 2010) (holding that a petitioner's judgment of sentence became final on the date the Superior Court granted his request to discontinue his direct appeal) (citing *Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008) (stating that the judgment of sentence becomes final for PCRA purposes when direct appeal is voluntarily discontinued by

petitioner)). Thus, under the AEDPA, Petitioner had until March 6, 2013, to file a timely petition for writ of habeas corpus. Mr. Wilson did not file his current habeas petition until July 15, 2016, hence, it is patently untimely. Consequently, unless Mr. Wilson's Petition is subject to statutory or equitable tolling, it is time-barred.

Mr. Wilson successfully tolled the AEDPA's one-year limitations period on November 9, 2012, when he filed a timely PCRA petition. At that point, 248 days of the one-year limitations period had lapsed (March 6 – November 9, 2012) and 117 days remained. The AEDPA limitations period resumed running on March 14, 2016, thirty days after the Pennsylvania Superior Court affirmed the denial of post-conviction relief.[4] *See* PA. R.A.P. 1113(a) (allowing 30 days for the filing of a petition for allowance of appeal). Accordingly, Mr. Wilson had 117 days, or until July 11, 2016, to file a timely petition for writ of habeas corpus.[5] Despite statutory tolling, Mr. Wilson's Petition is untimely. Now the Court must determine whether Mr. Wilson is entitled to equitable tolling of the AEDPA's limitation period.

Mr. Wilson argues that he is entitled to equitable tolling of the limitations period because he timely filed his Petition, albeit in the wrong forum, the Eastern District of Pennsylvania. (ECF No. 18, Reply.) Unfortunately, Mr. Wilson's first habeas petition, *Wilson I,* which, at his request, was dismissed without prejudice on May 25, 2016, provides him neither a basis for statutory nor equitable tolling of the limitations period.

---

[4] Respondent argues that the limitations period started to run again on March 12, 2016, this is incorrect. While March 12, 2016 is exactly thirty days after February 11, 2016, the Court notes that March 12, 2016 fell on a Saturday. Accordingly, the limitations period was tolled until the next day that did not fall on a Saturday, Sunday, or legal holiday. *See* Fed. R. Civ. P. 6(a)(1)(C). Thus, the limitations period recommenced to run on Monday, March 14, 2016.

[5] One hundred seventeen days following March 14, 2016 fell on July 9, 2016. However, this date fell on a Saturday. Thus, pursuant to Fed. R. Civ. P. 6(a)(1)(C), Mr. Wilson had until the next business day, or until Monday, July 11, 2016, to file his habeas petition.

First, the Supreme Court has soundly rejected any statutory tolling of the AEDPA's limitations period based on the filing or pendency of a habeas petition in federal court. See *Rhines v. Weber*, 544 U.S. 269, 274 – 75, 125 S.Ct. 1528, 1533, 161 L.Ed. 440 (2005) (citing *Duncan v. Walker*, 533 U.S. 167, 181 – 82, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001)) (holding that "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations" under the AEDPA). Second, Petitioner is not entitled to equitable tolling based on his filing of *Wilson I* in the wrong court. This is because he elected to withdraw that petition. The Court dismissed that petition without prejudice. "Typically, when a complaint (or habeas petition) is dismissed without prejudice, the complaint or petition is treated as if it never existed." *Hull v. Kyler*, 190 F.3d 88, 103 – 04 (3d Cir. 1999). Moreover, the Court, out an abundance of caution, twice cautioned Mr. Wilson to consider the possible impact of the statute of limitations on his decision whether or not to withdraw *Wilson I* or proceed with his petition as filed. Twice Mr. Wilson decided to withdraw his first habeas petition. Additionally, when Mr. Wilson withdrew his first petition, he had a little over a month before the expiration of the AEDPA's limitation period. The issue of the AEDPA's limitations period was raised with Petition in April 2016. He has not argued or shown that some extraordinary circumstances stood in his way and prevented him from filing a timely petition. The fact that he ultimately miscalculated the applicable filing period does not warrant equitable tolling of the limitations period. Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Holland*, 560 U.S. at 651 – 52, 130 S.Ct. at 2564. To the extent Petitioner's untimely filing was the result of a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the

limitations period. See Taylor v. Carroll, Civ. No. 03-007-SLR, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). As previously noted, the obligation to exercise reasonable diligence applies to petitioner's filing of both his state court petition and federal habeas petition. See LaCava, 698 F.3d at 277. It is also well-settled that a prisoner's lack of legal knowledge or limited education does not amount to an extraordinary circumstance for equitable tolling purposes. Id. at 276 (reiterating that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling") (internal citation omitted). Hence, equitable tolling of the AEDPA's statute of limitations is not warranted in this case.

For the reasons set forth above, Mr. Wilson's Petition for writ of habeas corpus will be dismissed as untimely filed under § 2244(d)(1) of the AEDPA's one-year statute of limitations.

## IV. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability (COA), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct.

1029, 1034, 154 L.Ed.2d 931 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000).

Based on the analysis of this memorandum, the Court will deny issuance of a certificate of appealability as jurists of reason would not find the procedural disposition of this case debatable.

An appropriate Order follows.


**Date: August 9, 2018**          /s/ A. Richard Caputo
                                               **A. RICHARD CAPUTO**
                                               **United States District Judge**